**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**
**P. 4**

March 1, 2020

**ECF**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/2/2020
```

Re:  United States v. Andres Solis Lira,
     17 Cr. 448 (RMB)

Dear Judge Berman:

The Government submits this letter, with the consent of defense counsel and on behalf of the parties, in response to the Court's February 27, 2020 Order. (Doc. No. 78). For the reasons set forth below, the parties respectfully submit that the order of restitution entered on March 21, 2019 (Doc. No. 72) should be vacated and that the judgment entered on March 21, 2019 (Doc. No. 71) should be amended to vacate the restitution obligation set forth therein.

As an initial matter, the parties note that the defendant, whom the Court sentenced to 30 months of imprisonment, completed his term of imprisonment and was released from the custody of the Bureau of Prisons on or about August 19, 2019. The defendant was then deported to Chile on or about September 16, 2019. In light of the parties' agreement that restitution is not available in this case and the defendant's absence from the country, the parties also respectfully submit that the conference scheduled for March 12, 2020 at 10:30 a.m. may not be necessary.

### I. Background

On September 14, 2017, the Court accepted the defendant's plea of guilty to Count One of Indictment 17 Cr. 448, charging him with conspiracy to possess child pornography in violation of 18 U.S.C. § 371. On March 21, 2019, the Court sentenced the defendant to 30 months' imprisonment and three years of supervised release. The Court also ordered the defendant to pay restitution in the amount of $9,000, at the Government's request, and a mandatory $100 special assessment.

The defendant timely appealed and asked the Second Circuit to vacate his restitution obligation. He did not challenge any other aspect of his conviction or sentence on appeal. The Government conceded on appeal that the defendant's restitution obligation should be vacated. On February 5, 2020, the Second Circuit granted the Government's motion for vacatur and remanded the case to the Court for further proceedings.

Hon. Richard M. Berman  Page 2
March 1, 2020

### II. Restitution is Not Available in this Case

In a letter dated February 2, 2018, submitted in advance of sentencing, the Government notified the Court that it had received a request, on behalf of an individual who was a subject of a child pornography series (the "Victim"), for restitution from the defendant in the amount of $9,000. With respect to restitution, the Government also stated in its letter:

> Under Title 18, United States Code, Section 2259(a), restitution to child pornography victims is mandatory for "any offense under [chapter 110]." The defendant in this case pled guilty to one count of conspiracy to possess child pornography in violation of 18 U.S.C. § 371, which is not part of [chapter 110] of Title 18. Even though restitution is not mandatory in this case under Section 2259(a), the Court may order restitution under 18 U.S.C. § 3663(a)(1)(A). The principles of Section 2259 are still instructive here.

The Government went on to discuss the Supreme Court's decision in *Paroline v. United States*, 572 U.S. 434 (2014), which addressed the issue of restitution under Section 2259 in the context of child pornography offenses. Ultimately, the Government requested that the Court order the $9,000 in restitution that was sought on behalf of the Victim. The Court ordered the $9,000 in restitution at sentencing.

The Government's position on restitution, as set forth above, was wrong. In short, restitution is not available in this case under either the child pornography statute at issue in *Paroline*, 18 U.S.C. § 2259, or the general restitution statute, 18 U.S.C. § 3663.

Section 2259 provides that: "Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court *shall* order restitution *for any offense under this chapter* [i.e., chapter 110]." 18 U.S.C. § 2259(a) (emphasis added). Section 2259(b) requires a court to order restitution for "the full amount of the victim's losses." 18 U.S.C. § 2259(b)(1). Under Section 2259, "the issuance of a restitution order ... is mandatory" and "[a] court may not decline to issue an order under this section because of— (i) the economic circumstances of the defendant; or (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." 18 U.S.C. § 2259(b)(4).

Here, the defendant was not convicted of an offense under chapter 110. He was convicted of a violation of 18 U.S.C. § 371—an offense under chapter 19. Accordingly, the mandatory restitution regime of Section 2259, which applies to chapter 110 offenses and is not permitted to take into account the economic circumstances of the defendant, does not apply in this case.

Section 3663(a)(1)(A) provides that a court, "when sentencing a defendant convicted of an offense under [title 18] ... other than an offense described in [18 U.S.C. § 3663A(c)], may order, in addition to ... any other penalty authorized by law, that the defendant make restitution to

any victim of such offense." The defendant's offense of conviction, conspiring to possess child pornography under 18 U.S.C. § 371, is not "described in § 3663A(c)." That provision encompasses crimes of violence, offenses against property, offenses under 18 U.S.C. §§ 670 and 1365, and cases in which a plea agreement "specifically states" that one of the foregoing offenses "gave rise to the plea agreement." 18 U.S.C. §§ 3663A(c)(1)(A), 3663A(c)(2).

By its plain terms ("may order"), restitution under Section 3663(a)(1)(A) is discretionary. Section 3663(a)(1)(B)(i) identifies two factors that guide the exercise of that discretion: "[t]he court, in determining whether to order restitution under this section, shall consider: (I) the amount of loss sustained by each victim as a result of the offense; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant."

Section 3663(b) lists six categories of compensable losses:

- Subsection (b)(1) applies "in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense."

- Subsection (b)(2) applies "in the case of an offense resulting in bodily injury to a victim including an offense under chapter 109A or chapter 110."

- Subsection (b)(3) applies "in the case of an offense resulting in bodily injury [that] also results in the death of a victim."

- Subsection (b)(4) provides reimbursement "in any case" to the victim "for lost income and necessary child care, transportation, and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."

- Subsection (b)(5) provides that "in any case, if the victim (or if the victim is deceased, the victim's estate) consents, [the restitution order may require the defendant to] make restitution in services in lieu of money, or make restitution to a person or organization designated by the victim or the estate;" and

- Subsection (b)(6) applies "in the case of an offense under sections 1028(a)(7) or 1028A(a) of this title."

Here, the record does not support an award of restitution for any of Section 3663(b)'s six categories of compensable losses. The only arguably applicable subsection is Section 3663(b)(2). But in this case, while the Victim may have suffered bodily injury, the record does not establish that the Victim suffered any bodily injury as a result of the defendant's possession of child pornography, in contrast to, for example, the person or persons responsible for the production of the child pornography. *See* 18 U.S.C. § 3663(b)(2) (providing for restitution for those "offense[s] *resulting in* bodily injury to a victim") (emphasis added). Accordingly, restitution under Section 3663 is not available in this case.

Hon. Richard M. Berman                                                                               Page 4
March 1, 2020

      In light of the above, the parties respectfully submit that the order of restitution entered on March 21, 2019 (Doc. No. 72) should be vacated and that the judgement entered on March 21, 2019 (Doc. No. 71) should be amended to vacate the restitution obligation set forth therein.

                              Respectfully submitted,

                              GEOFFREY S. BERMAN
                              United States Attorney for the
                              Southern District of New York

                  By: _/s/ Justin Rodriguez_____
                              Justin V. Rodriguez
                              Assistant United States Attorney
                              (212) 637-2591

cc: Counsel of record (by ECF)
    Daniel Habib, Esq. (by email)

> The Court would like counsel to appear at the conference.
>
> SO ORDERED:
> Date: 3/2/2020  *Richard M. Berman*
> Richard M. Berman, U.S.D.J.